# UNITED STATES DISTRICT COURT
Middle District of Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> ROY MASAO HINDS | ) **JUDGMENT IN A CRIMINAL CASE** <br> ) <br> ) Case Number: 3:22-cr-00234 <br> ) USM Number: 09773-510 <br> ) Luke Evans <br> ) Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1, 2, 3 and 4 of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | Sexual Exploitation of a Minor | 3/30/2020 | 1 |
| 18 U.S.C. § 2251(a) | Sexual Exploitation of a Minor | 1/4/2020 | 2 |
| 18 U.S.C. § 2251(a) | Sexual Exploitation of a Minor | 2/29/2020 | 3 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/24/2025
Date of Imposition of Judgment

*Eli Richardson* (signature)
Signature of Judge

Eli Richardson, United States District Judge
Name and Title of Judge

February 5, 2025
Date

DEFENDANT: ROY MASAO HINDS
CASE NUMBER: 3:22-cr-00234

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(5)(B)(b) | Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct | 6/10/2022 | 4 |

DEFENDANT: ROY MASAO HINDS
CASE NUMBER: 3:22-cr-00234

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
240 months - 240 months on each of the four counts to run concurrent to each other and concurrent to the sentence that has been imposed in Rutherford County Criminal Case No. 89164.

☑ The court makes the following recommendations to the Bureau of Prisons:

Designation to a facility with a sex offender treatment program.
Otherwise, designation to a facility close to Nashville, TN

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ROY MASAO HINDS
CASE NUMBER: 3:22-cr-00234

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

10 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ROY MASAO HINDS
CASE NUMBER: 3:22-cr-00234

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT: ROY MASAO HINDS
CASE NUMBER: 3:22-cr-00234

# SPECIAL CONDITIONS OF SUPERVISION

1. You shall submit to a sex offender assessment and treatment as recommended by an appropriate provider contracted per the guidelines and procedures promulgated by the Administrative Office of the United States Court.

2. You shall not consume any alcoholic beverages.

3. You shall register as a sex offender with the appropriate authorities of any state where he resides, is employed, or attends school in compliance with 18 U.S.C. § 2250(a).

4. If required to register under the Sex Offender Registration and Notification Act, you shall submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any reasonable time, with or without a warrant, by any U.S. probation officer with reasonable suspicion concerning a violation of a condition of probation, supervised release, or unlawful conduct by the defendant.

5. The defendant shall not knowingly have any contact, other than incidental contact in a public forum such as in a restaurant, grocery store, etc., with any person under the age of 18 without prior approval of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party. If the defendant knowingly has any contact with any child (person under the age of 18 years old), not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation office within 24 hours.

6. You shall have no direct or indirect contact with victim H.H. without prior approval of the U.S. Probation Office.

7. You shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors engaged in sexually explicit conduct. You shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

8. You shall not possess or use a device capable of creating pictures or video without the prior permission of the U.S. Probation Office.

9. You shall not possess or use a computer or any device with access to any "online computer service" at any location (including place of employment) without the prior written approval of the U.S. Probation Office. This includes any Internet service provider, bulletin board system, or any other public or private network or email system. Your residence shall not contain any electronic devices capable of Internet access without prior approval of the probation officer.

10. You shall consent to the U.S. Probation Office conducting unannounced examinations (at reasonable times) of the defendant's computer system(s), mobile devices, and internal/external storage devices. Upon a finding of reasonable suspicion of a violation, this may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection. You will consent to having installed on the defendant's computer(s), any hardware/software to monitor computer use or prevent access to particular materials. You will further consent to periodic inspection of any such installed hardware/software to ensure it is functioning properly. You shall pay all or part of the cost of the installation of and the continuing use of the monitoring program.

11. You shall provide the U.S. Probation Office with accurate information about your entire computer system (hardware/software) and internal/external storage devices. Upon request, you shall provide all relevant passwords used, which may be changed after the account has been examined contemporaneously.

12. You shall pay restitution to the victims of the offenses including H.H., Lily and Pia (address will be provided under separate cover) in the total amount determined by the Court. Payments to H.H., Lily and Pia shall be submitted to the Clerk, United States District Court, 719 Church Street, Suite 1300, Nashville, TN 37203. If you are incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be any unpaid balance when supervision commences, you shall pay the remaining restitution at a minimum monthly rate of 10 percent of your gross monthly income. No interest shall accrue as long as you remain in compliance with the payment schedule ordered. Pursuant to 18 U.S.C. § 3664(k), you shall notify the court and United States Attorney of any material change in economic circumstances that might affect ability to pay.

13. You shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

DEFENDANT: ROY MASAO HINDS
CASE NUMBER: 3:22-cr-00234

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 49,900.00 | $ | $ 95,100.00 | $ 5,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| HH | $32,400.00 | $32,400.00 | |
| (Address on File with the Clerk's Office) | | | |
| Lily | $10,000.00 | $10,000.00 | |
| (Address on File with the Clerk's Office) | | | |
| Pia | $7,500.00 | $7,500.00 | |
| (Address on File with the Clerk's Office) | | | |
| **TOTALS** | $ 49,900.00 | $ 49,900.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ROY MASAO HINDS
CASE NUMBER: 3:22-cr-00234

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

　　☐ not later than _____ , or
　　☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
The property described in the Consent Preliminary Order of Forfeiture at Doc. No. 57, which is now final as to Defendant.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.